# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2020-NMCA-050

Filing Date: August 27, 2020

No. A-1-CA-37917

STATE OF NEW MEXICO,

     Plaintiff-Appellee,

v.

JUAN MONTELONGO ESPARZA,

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G.W. Shoobridge, District Judge**

Certiorari Denied, September 30, 2020, No. S-1-SC-38490. Released for Publication November 24, 2020.

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Charles D. Agoos, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**MEDINA, Judge.**

**{1}** Defendant Juan Montelongo Esparza appeals his conviction for leaving the scene of an accident (no great bodily harm or death), in violation of NMSA 1978, Section 66-7-201(D) (1989). We hold that the district court committed fundamental error in failing to properly instruct the jury on Defendant's duty to remain at the scene of an accident and remand for retrial.

**BACKGROUND**

**{2}** On June 12, 2015, at approximately 3:40 p.m., a vehicle driven by Defendant collided with a vehicle driven by Freddy Marquez. Marquez was ejected from his vehicle and was severely injured. Marquez's girlfriend was also in the vehicle at the time of the accident, however, she sustained only minor injuries. Shortly after the collision several drivers stopped and unsuccessfully attempted to render aid to Marquez, who died shortly thereafter from his injuries. Based on witness testimony, emergency personnel arrived on the scene between fifteen and forty-five minutes after the collision.

**{3}** After the collision, a witness saw Defendant sitting in his vehicle talking on a cellphone but could not understand what Defendant was saying because Defendant was not speaking English. Defendant did not approach Marquez or his girlfriend at any time after the accident. At some point, Defendant got out of his car, began pacing back and forth, and then left the scene on foot. One witness estimated that Defendant left the scene between fifteen and twenty minutes after the accident, while another believed that Defendant left the scene forty-six minutes after the accident. In either case, Defendant left the scene before the first emergency responder arrived. When he left the accident scene, Defendant left behind his resident card which included his name, along with his vehicle registration and insurance card, in the glove compartment of his vehicle.

**{4}** Police located Defendant approximately two hours after the accident, four miles from the accident scene. Defendant had bloodshot, watery eyes and smelled strongly of alcohol. Defendant's blood alcohol content measured 0.04 grams per 100 milliliters of blood, approximately four hours after the accident. A forensic expert estimated that at the time of the collision Defendant had consumed the equivalent of four-and-a-half beers.

**{5}** The State charged Defendant with multiple crimes as a result of the accident, including homicide by vehicle (DWI), in violation of NMSA 1978, Section 66-8-101 (2004, amended 2016); leaving the scene of an accident involving personal injuries but not great bodily harm or death, in violation of Section 66-7-201(D); leaving the scene of an accident involving damage to a vehicle, in violation of NMSA 1978, Section 66-7-202 (1978); and failure to give information and render aid, in violation of NMSA 1978, Section 66-7-203 (1978). Following trial, a jury acquitted Defendant of homicide by vehicle (DWI) and failure to give information and render aid, but convicted Defendant of leaving the scene of an accident involving damage to a vehicle, in violation of Section 66-7-202, and leaving the scene of an accident involving personal injuries but not great bodily harm or death, in violation of Section 66-7-201(D). The district court sentenced Defendant to 364 days for violating Section 66-7-202(D) and vacated the lesser conviction for leaving the scene of an accident involving damage to a vehicle to avoid a double jeopardy violation. This appeal followed.

**DISCUSSION**

**{6}** Defendant raises two arguments on appeal. First, Defendant argues the district court committed fundamental error in instructing the jury. Second, Defendant contends there is insufficient evidence to support his conviction. We address each argument in turn.

**Jury Instructions**

**{7}** Defendant argues the district court fundamentally erred in failing to instruct the jury on the scope of his legal obligation to remain at the scene of the crime. "The propriety of the jury instructions given by the district court is a mixed question of law and fact requiring de novo review." *State v. Candelaria*, 2019-NMSC-004, ¶ 31, 434 P.3d 297. Defendant concedes he failed to preserve any error with respect to instructing the jury, thus we review only for fundamental error. *See* Rule 12-321(B)(2)(c) NMRA; *Candelaria*, 2019-NMSC-004, ¶ 31 (reviewing purported error in jury instructions for fundamental error because it was not raised at trial). "The doctrine of fundamental error applies only under exceptional circumstances and only to prevent a miscarriage of justice." *State v. Barber*, 2004-NMSC-019, ¶ 8, 135 N.M. 621, 92 P.3d 633. "[T]he general rule is that fundamental error occurs when the trial court fails to instruct the jury on an essential element." *State v. Lucero*, 2017-NMSC-008, ¶ 27, 389 P.3d 1039 (internal quotation marks and citation omitted). "We will only affirm a case in which the trial court failed to instruct the jury on an essential element when, under the facts adduced at trial, that omitted element was undisputed and indisputable, and no rational jury could have concluded otherwise." *State v. Lopez*, 1996-NMSC-036, ¶ 13, 122 N.M. 63, 920 P.2d 1017 (internal quotation marks and citation omitted).

**{8}** The hit-and-run statute applicable to leaving the scene of an accident involving death or personal injuries—such as the tragic accident in this case—provides, "The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible, but shall then immediately return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 66-7-203[.]" Section 66-7-201(A). Section 66-7-203, in turn, provides,

> The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address and the registration number of the vehicle he is driving and shall upon request exhibit his driver's license to the person struck or the driver or occupant of or person attending any vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person.

Depending on whether the accident resulted in "great bodily harm or death" and whether the driver "knowingly fail[ed] to stop or to comply with the requirements of Section 66-7-203[,]" the driver may be found guilty of a misdemeanor, a fourth degree felony, or a third degree felony. *See* § 66-7-201(B)-(D). Here, Defendant was convicted of a misdemeanor under Subsection (D) for "failing to stop or comply with the requirements of Section 66-7-203 . . . where the accident does not result in great bodily harm or death[.]"

**{9}**     There is no Uniform Jury Instruction (UJI) for the crime of leaving the scene of an accident.[1] *See State v. Hertzog*, 2020-NMCA-031, ¶ 9, 464 P.3d 1090 ("[T]here are no uniform jury instructions for the crimes that Section 66-7-201 defines[.]"). Accordingly, the district court "was required to give an instruction that substantially follows the language of the statute in order to be deemed sufficient." *State v. Luna*, 2018-NMCA-025, ¶ 21, 458 P.3d 457 (alteration, internal quotation marks, and citation omitted), *cert. denied*, 2018-NMCERT-__ (No. S-1-SC-36896, Mar. 16, 2018). The court instructed the jury to find Defendant guilty if the State proved beyond a reasonable doubt that: (1) "[D]efendant operated a vehicle involved in an accident"; (2) "[t]he accident resulted in injury to Freddy Marquez"; and (3) "[D]efendant failed to immediately stop, return[,] and remain at the scene[.]"[2]

**{10}**     Defendant argues the given jury instructions were fundamentally flawed because they did not instruct the jury that Defendant only had a duty to remain at the scene of the accident "until he has fulfilled the requirements of Section 66-7-203." Section 66-7-201(A). This temporal limitation on a driver's criminal liability for leaving the scene of an accident, Defendant argues, constituted an essential element that the jury was required to find beyond a reasonable doubt to convict him. We agree.

**{11}**     While our appellate courts have previously dealt with appeals from convictions for leaving the scene of an accident involving death or personal injury under Section 66-7-201, it appears we have yet to definitively address whether the State must prove that a driver failed to comply with the requirements of Section 66-7-203 before leaving the scene of the accident. *See, e.g., Hertzog*, 2020-NMCA-031, ¶ 10 (analyzing whether the failure to instruct jury on definition of "accident" constituted reversible error and whether sufficient evidence supported the defendant's conviction under Section 66-7-201); *State v. Montoya Guzman*, 2004-NMCA-097, ¶ 20 136 N.M. 253, 96 P.3d 1173 (analyzing whether sufficient evidence supported the defendant's conviction under Section 66-7-201). "In determining what is or is not an essential element of an offense, we begin with the language of the statute itself, seeking of course to give effect to the intent of the [L]egislature." *State v. Swick*, 2012-NMSC-018, ¶ 56, 279 P.3d 747 (internal quotation marks and citation omitted). We follow "the ordinary and plain meaning of the words of

1In order to avoid confusion over how to properly instruct the jury in future cases, we encourage the UJI Criminal Committee to consider drafting instructions for the crimes proscribed by Section 66-7-201, as well as Section 66-7-202 (for accidents involving damage to vehicles).

2This instruction was identical to the instruction for Defendant's vacated conviction for leaving the scene of an accident involving damage to a vehicle—except for the second element, which provided, "The accident resulted in damage to a 2007 Cadillac Escalade[.]"

statute, unless this leads to an absurd or unreasonable result and unless the Legislature indicates a different interpretation is necessary." *Hertzog*, 2020-NMCA-031, ¶ 12 (alteration, internal quotation marks, and citation omitted). "[W]hen a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *State v. Rivera*, 2004-NMSC-001, ¶ 10, 134 N.M. 768, 82 P.3d 939 (internal quotation marks and citation omitted).

**{12}** Defendant argues, and we agree, that the plain language of the last clause of Section 66-7-201 requiring a driver to "immediately return to and in every event . . . remain at the scene of the accident *until* he has fulfilled the requirements of Section 66-7-203" indicates that whether or not a driver complied with the requirements of Section 66-7-203 is an essential element when it is alleged that the driver unlawfully failed to remain at the scene of the accident. (Emphasis added.) By using the conjunction "until," the Legislature imposed a temporal limitation on a driver's obligations to remain at the scene of an accident and expressly conditioned criminal liability for leaving the scene on a driver's failure to first comply with the requirements of Section 66-7-203. *See Until, Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/until (last visited July 20, 2020) (defining "until" when used as a conjunction, as "up to the time that" and "up to such time as"). Thus, under the plain language of the statute, if the driver satisfies the requirements of Section 66-7-203 before leaving the scene of the accident, no criminal liability under Section 66-7-201 may be imposed. Conversely, the driver may be convicted of violating Section 66-7-201 if he fails to satisfy the requirements of Section 66-7-203 before leaving the scene.

**{13}** Given that a defendant is not required to remain at the scene of an accident under all circumstances—a requirement the instruction in this case directly suggests—it follows that the jury must be instructed on this element. Otherwise, a driver could be convicted of leaving the scene of an accident despite complying with Section 66-7-203 by giving his information, exhibiting his driver's license, and providing any reasonable aid to those injured in the accident. Such a result would undercut the Legislature's intent and run contrary to the purposes of our hit-and-run statutes, which are "to prohibit drivers from evading criminal or civil liability, to ensure people receive necessary aid or medical attention, and to deter drivers from thwarting or impeding investigations and avoiding liability for the harm they cause by failing to stop or failing to comply with Section 66-7-203." *Hertzog*, 2020-NMCA-031, ¶ 16.

**{14}** Given the plain language of Section 66-7-201(A), we hold that a driver's failure to satisfy the requirements of Section 66-7-203 prior to leaving the scene is an essential element for a conviction of the crime of leaving the scene of an accident involving death or personal injuries. *See State v. Cabezuela*, 2011-NMSC-041, ¶ 38, 150 N.M. 654, 265 P.3d 705 ("The language of a statute determines the essential elements of an offense." (internal quotation marks and citation omitted)). The district court must instruct the jury to determine, among the other elements, whether the State proved beyond a reasonable doubt that, prior to leaving the scene of the accident, the driver failed to: (1) "give his name, address, and the [vehicle] registration number"; (2) exhibit his driver's license upon request to the "person struck or the driver or occupant of or person

attending any vehicle collided with"; and (3) render "reasonable assistance" to any person injured in the accident. Section 66-7-203; *see Cabezuela*, 2011-NMSC-041, ¶ 39 ("It is the fundamental right of a criminal defendant to have the jury determine whether each element of the charged offense has been proved by the state beyond a reasonable doubt." (internal quotation marks and citation omitted)).

**{15}** The State argues that it was only required to prove that Defendant "simply failed to remain" at the scene and contends any other conclusion is contrary to *Guzman*, 2004-NMCA-097, because—according to the State—this Court "stated [in that case] that the prosecution is required to prove that the defendant 'failed to stop and/or failed to remain at the scene of the accident[.]' " *Id.* ¶ 20. We reject this argument. In *Guzman*, we reviewed the sufficiency of the evidence underlying a conviction for leaving the scene of an accident. In setting forth the elements for our sufficiency review, we stated,

> In order to convict [the d]efendant of [leaving the scene of an] accident[] involving death or personal injuries, the [s]tate was required to prove that [the d]efendant (1) operated a motor vehicle; (2) was involved in an accident which caused great bodily harm or death of the victim; (3) failed to stop and/or failed to remain at the scene of the accident; *and (4) failed to render reasonable aid to the victim*.

*Id.* ¶ 20 (emphasis added). Given the fourth element—which incorporates one of a driver's duties under Section 66-7-203—it is clear the state was required to prove more than simply that the defendant "failed to stop and/or failed to remain at the scene of the accident." *Guzman*, 2004-NMCA-097, ¶ 20. Additionally, the defendant in that case did not raise the argument that Defendant now raises (i.e., that the State is required to demonstrate that Defendant failed to comply with all of the requirements of Section 66-7-203 before leaving the scene of the accident)—most likely because the defendant did not stop at all. *See Guzman*, 2004-NMCA-097, ¶¶ 14, 20 (noting that the defendant only made a U-turn to investigate after hitting a pedestrian and left when she did not see anything). "The general rule is that cases are not authority for propositions not considered." *State v. Sanchez*, 2015-NMSC-018, ¶ 26, 350 P.3d 1169 (internal quotation marks and citation omitted); *see, e.g.*, *Dominguez v. State*, 2015-NMSC-014, ¶¶ 15-16, 348 P.3d 183 (declining to rely on a case for a proposition because the parties in that case did not appear to raise the argument now being considered). Accordingly, the State's reliance on *Guzman* is unavailing.

**{16}** The State also cites Section 66-7-201(D), the specific subsection Defendant was convicted of violating, for the proposition that "a person may be found guilty of leaving the scene of an accident if he simply failed to remain, even without failing to comply with the requirements of [Section] 66-7-203." Section 66-7-201(D) provides, in relevant part, "Any person failing to stop or comply with the requirements of Section 66-7-203 . . . where the accident does not result in great bodily harm or death is guilty of a misdemeanor[.]" The State does not explain exactly how Section 66-7-201(D) supports its position, but it appears that the State is arguing that the statute's use of the disjunctive "or"—which indicates that a defendant may be found guilty by simply failing

to stop—made it unnecessary to instruct the jury on whether Defendant complied with Section 66-7-203. *See State v. Dunsmore*, 1995-NMCA-012, ¶ 5, 119 N.M. 431, 891 P.2d 572 ("The use of the disjunctive 'or' indicates that the statute may be violated by any of the enumerated methods.").

**{17}** We are unpersuaded by the State's logic. Reading Section 66-7-201(A) and (D) together makes clear that drivers have two distinct duties following an accident: (1) to "immediately stop the vehicle at the scene of the accident or as close thereto as possible" and (2) to "immediately return to" and "remain at the scene of the accident until he has fulfilled the requirements of Section 66-7-203[.]" Section 66-7-201(A); *see State v. Gurule*, 2011-NMCA-042, ¶ 12, 149 N.M. 599, 252 P.3d 823 ("[W]e read all provisions of a statute and all statutes in pari materia together in order to ascertain the legislative intent."). The failure to perform either of these duties is grounds for a violation; a driver may be convicted under Section 66-7-201(D) by failing to "immediately stop the vehicle at the scene of the accident or as close thereto as possible" *or* failing to "immediately return to" and "remain at the scene of the accident until he has fulfilled the requirements of Section 66-7-203." Section 66-7-201(A).

**{18}** It is undisputed that Defendant stopped his vehicle at the scene of the accident in this case. Consequently, in order to convict Defendant of violating Section 66-7-201(D), the State was required to prove that Defendant failed to "remain at the scene of the accident until he has fulfilled the requirements of Section 66-7-203[.]" Section 66-7-201(A). We, therefore, reject the State's argument that Defendant "could be found guilty of leaving the scene of an accident if he simply failed to remain." For the foregoing reasons, we hold that the district court erred in failing to instruct the jury to determine whether Defendant fulfilled the requirements of Section 66-7-203 before leaving the scene of the accident.

**Fundamental Error**

**{19}** Having found error in the jury instructions, we must now determine whether it was fundamental. As stated earlier, failure to instruct the jury on an essential element is generally fundamental error; we will only affirm in such cases "when, under the facts adduced at trial, that omitted element was undisputed and indisputable, and no rational jury could have concluded otherwise." *Lopez*, 1996-NMSC-036, ¶ 13 (internal quotation marks and citation omitted); *id.* (stating that "the question to be answered when an essential element has been omitted is whether there was any evidence or suggestion in the facts, however slight, that could have put the omitted element in issue" (alteration, internal quotation marks, and citation omitted)). Thus, "[i]f the evidence does not indisputably establish the missing element or elements, there exists fundamental error, and we must reverse." *Luna*, 2018-NMCA-025, ¶ 23; *see State v. Swick*, 2012-NMSC-018, ¶ 46, 279 P.3d 747 ("[F]undamental error occurs when, because an erroneous instruction was given, a court has no way of knowing whether the conviction was or was not based on the lack of the essential element.").

**{20}**    For the following reasons, we conclude the omitted element of whether Defendant complied with Section 66-7-203's requirements was not "undisputed and indisputable," and therefore the error was fundamental. *Luna*, 2018-NMCA-025, ¶ 23 (internal quotation marks and citation omitted). First, Defendant testified that he left his resident card, vehicle registration, and insurance information in the glove compartment of his vehicle when he walked away on foot from the scene of the accident.[3] Second, there was no evidence that Defendant failed to comply with any request to exhibit his driver's license to anyone at the scene. Third, although Defendant did not render any aid to Marquez, he testified that, as soon as he came to after the accident, others were already performing CPR on Marquez and he realized someone had already called 911.

**{21}**    It is also noteworthy that the jury failed to convict Defendant of his stand-alone violation of Section 66-7-203 for failure to give information and render aid. In addressing this charge during closing argument, Defendant argued that although he did not give aid to Marquez, he was informed as soon as he came to that an ambulance was already on the way and people were performing CPR on Marquez. Given his lack of medical training, Defendant argued that it was unreasonable for him to have to inject himself into the attempts to save Marquez's life in order to avoid liability. He further argued that he did not fail his duty to give his information because he left his resident card and registration information in his car before he left on foot.

**{22}**    For this count, the jury was instructed to find Defendant guilty if the State proved beyond a reasonable doubt that: (1) "[D]efendant operated a vehicle involved in an accident"; (2) "[t]he accident resulted in damage to a vehicle"; (3) "[D]efendant did not give his name, address and registration number of [his] vehicle"; and (4) "[D]efendant did not render assistance to any person injured or make arrangements for treatment[.]" As the first two elements were undisputed, it follows that the jury found the State's evidence lacking regarding Defendant's purported failure to "give his name, address and registration number of [his] vehicle" and/or "render assistance to any person injured or make arrangements for treatment." While not necessarily dispositive of our fundamental error analysis, this fact counsels in favor of finding fundamental error.[4]

**{23}**    In light of the foregoing evidence and arguments, it does not appear that the missing essential element of whether Defendant complied with the requirements of

---

3As the State does not argue this was insufficient, as a matter of law, to satisfy Defendant's duty to "give his name, address and the registration number of the vehicle he [was] driving" Section 66-7-203, we assume, without deciding, a rational jury could have concluded Defendant's act of leaving these items at the scene fulfilled this duty.

4By the same token, we cannot say that the jury's decision not to convict Defendant of violating Section 66-7-203 necessarily means that it found that Defendant *did* satisfy its requirements—which Defendant asserts would bar retrial of Defendant's conviction under Section 66-7-201(D). The jury instructions did not require the jury to find that Defendant affirmatively satisfied all of Section 66-7-203's requirements in order to acquit him. Rather, the instructions required the State to prove that Defendant failed to satisfy each specified requirement under Section 66-7-203. Thus, it is possible the jury still found that Defendant failed to satisfy one or more of Section 66-7-203's requirements before leaving the scene, which would subject him to criminal liability under Section 66-7-201.

Section 66-7-203 prior to leaving the scene was indisputably established. *See Lopez*, 1996-NMSC-036, ¶ 13. We must therefore reverse.

**Sufficiency of the Evidence**

**{24}** Despite concluding the failure to instruct the jury on Defendant's obligation to remain at the scene until he satisfied Section 66-7-203's requirements, we must nonetheless address Defendant's sufficiency argument to determine whether double jeopardy bars retrial. *See State v. Consaul*, 2014-NMSC-030, ¶ 41, 332 P.3d 850 ("To avoid any double jeopardy concerns, we review the evidence presented at the first trial to determine whether it was sufficient to warrant a second trial."). In reviewing the sufficiency of the evidence supporting a defendant's convictions, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Lente*, 2019-NMSC-020, ¶ 54, 453 P.3d 416 (internal quotation marks and citation omitted).

**{25}** Defendant concedes that the State presented sufficient evidence to convict him of leaving the scene of an accident involving death or personal injuries under the erroneous jury instructions. Defendant also acknowledges that our appellate courts generally review sufficiency claims against the erroneous jury instructions used at trial. *See State v. Dowling*, 2011-NMSC-016, ¶ 18, 150 N.M. 110, 257 P.3d 930 ("We review [the d]efendant's [sufficiency of the evidence] claim under the erroneous instruction provided to the jury at trial."); *State v. Akers*, 2010-NMCA-103, ¶ 32, 149 N.M. 53, 243 P.3d 757 ("In a case such as this one in which an erroneous instruction was apparently given, we nonetheless review the sufficiency of the evidence under the instructions as given."). Nonetheless, Defendant asks this Court to depart from established case law and measure the sufficiency of the evidence against the statutory elements of leaving the scene of an accident involving death or personal injuries.

**{26}** Even were we to agree with Defendant, our Supreme Court has determined that appellate courts review sufficiency claims "under the erroneous instruction provided to the jury at trial." *Dowling*, 2011-NMSC-016, ¶ 18. We must, therefore, reject Defendant's request to depart from precedent. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 22, 135 N.M. 375, 89 P.3d 47 (reiterating principle that "the Court of Appeals is bound by Supreme Court precedent"). Given Defendant's concession, and given the evidence presented above, we conclude sufficient evidence supported Defendant's conviction and retrial is therefore permitted.

**CONCLUSION**

**{27}** For the foregoing reasons, we reverse and remand for a new trial.

**{28}  IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KRISTINA BOGARDUS, Judge**